# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THE PHOENIX INSURANCE COMPANY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 20-cv-3063 |
| S.M. WILSON & CO., et al., | ) ) ) | |
| Defendants. | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on non-party Peters Heating and Air Conditioning's (Peters) Motion to Quash Subpoena (d/e 6) (Motion). For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

The Plaintiffs The Phoenix Insurance Company (Phoenix), The Travelers Indemnity Company (Travelers Indemnity), and Travelers Property Casualty Company of America (Travelers Property) filed this action to secure a declaration that they have no duty to defend or cover losses incurred by Defendant S.M. Wilson & Co. (Wilson) in an arbitration proceeding (Arbitration) brought by The Salvation Army over defects in the construction of a facility called the Joan Kroc Corps Community Center

in Quincy, Illinois (Project or Kroc Center).  The Salvation Army contracted with Wilson to be the general contractor or construction manager for the Project.  Construction of the Project was completed on August 17, 2011 and opened to the public in September 2011.

On July 13, 2016, The Salvation Army filed a Demand for Arbitration seeking damages from Wilson for breach of contract due to defects in design, construction, workmanship, and materials used in the Project.  In March 2018, The Salvation Army filed a First Amended Demand for Arbitration.  In early 2020, The Salvation Army filed a Second Amended Demand for Arbitration.  The Salvation Army alleged that it started discovering defects in 2012 and continued to find additional defects through 2018.  The Salvation Army alleges damages that could total $10,000,000.00 plus attorney fees.  See Complaint (d/e 1), ¶¶ 11-26.  The Arbitration is pending.

Phoenix issued primary general liability insurance policies to Wilson covering the years from 2011 to 2018 (Relevant Period).  Travelers Indemnity issued excess insurance policies to Wilson for the Relevant Period.  Travelers Property issued an excess insurance policy for the period from December 31, 2018 to December 31, 2019. Complaint, ¶¶ 29-

33. The Court refers to all of these insurance policies collectively as the Policies.

In September 2019, Wilson tendered the defense of the Arbitration to Phoenix. In October 2019, Phoenix agreed to provide a defense under a reservation of rights. Complaint ¶ 26-27. Plaintiffs have filed this action to secure a declaration that they have no duty under the Policies to defend Wilson in the Arbitration and no duty to cover any losses that Wilson may be found liable for claims asserted in the Arbitration. Complaint, ¶¶ 53-61 (Counts I and II).

The Salvation Army's claims for damages include losses resulting from defects in the heating, ventilation, and air conditioning systems (HVAC) installed in the Project. Peters was Wilson's HVAC subcontractor on the Project. See Peters Heating & Air Conditioning's Memorandum in Support of its Motion to Quash Subpoena (d/e 7) (Peters Memorandum), at 2; Plaintiffs' Response in Opposition to Peters Heating & Air Conditioning's Motion to Quash Subpoena (d/e11) (Response), Exhibit A, Subcontract between Wilson and Peters dated April 6, 2010 (Subcontract). Section 17 of the Subcontract obligated Peters to maintain general liability insurance covering Peters' work on the Project and to name Wilson as an additional insured on the insurance:

> SECTION 17. The Subcontractor agrees to purchase prior to beginning the work, maintain and keep in force at all times during the performance of this Contract, the insurance coverage required by the Contract Documents as defined in Section 1 above, and shall add the Contractor [S.M. Wilson] and Owner to the Subcontractor's general liability policy as an additional insured. Subcontractor agrees that its liability coverages are primary and non-contributing with respect to any other insurance or self-insurance which may be maintained by Contractor or Owner. Additional Insured status for Contractor and Owner shall be on a form providing coverage for ongoing operations and completed work/completed operations. Where permissable (sic) by law, all insurance policies supplied shall include a waiver of any right of subrogation of the insurers against the Owner and Contractor. Subcontractor further agrees to notify its insurer of this provision. Subcontractor shall provide certificates of insurance specifying coverages.

Subcontract, at 4 § 17.  As quoted above, § 17 stated that Peters' insurance coverage would be "primary and non-contributing with respect to any other insurance" maintained by Wilson."  The Plaintiffs are aware of two of insurers that issued policies to Peters during the Relevant Period, "Owners Insurance (policy period January 1, 2010-2011) and Federated (policy period January 1, 2013-2014)." Response, at 2.  Wilson has no other information on insurance policies issued to Peters during the Relevant Period.  Response, at 7.

In addition, Wilson has sued several of its subcontractors on the Project in state court, including Peters, for breach of contract.  S.M Wilson v. Concrete Strategies, LLC, et al., Adams County, Illinois Circuit Court

Case No 2018-36 (State Action); see <u>Peters Memorandum)</u>, at 2. The State Action is also pending.

Upon filing this action, the Plaintiffs served 11 document subpoenas on several of Wilson's subcontractors, including the document subpoena served on Peters (Subpoena). <u>Response</u>, at 2 n.1. The Subpoena ordered Peters to produce the following documents:

> 1. All Documents within Your possession, custody or control with respect to liability insurance for the potential claims and/or claims arising from The Salvation Army construction Project located in Quincy, Illinois (the "Project").
>
> 2. All Documents relating to Your notice of a potential claim or claim with respect to the Project to any liability insurer.
>
> 3. All Documents comprising liability insurance policies issued to You and in effect at any time from August 1, 2011 through July 10, 2018.
>
> 4. All Documents consisting of correspondence, including, but not limited to, tender and coverage correspondence to and/or from You and any insurer with respect to the Project.
>
> 5. All Documents relating to liability insurance procured for S.M. Wilson & Co. ("S.M. Wilson") for the Project with respect to the matters at issue in the arbitration demand filed by The Salvation Army.
>
> 6. All Documents relating to liability insurance procured for S.M. Wilson for the matters at issue in the lawsuit captioned <u>S.M Wilson v. Concrete Strategies, LLC, et al.</u>, Case No 2018-36, filed in the Circuit Court of Adams County, Illinois.
>
> 7. All Documents relating to Your status as an additional insured on any liability policies in effect during the Project,

    including, but not limited to, certificates of insurance and coverage correspondence.

    8.    All Documents relating to or comprising of contracts, agreements or purchase orders that You entered into in any way related to the Project.

<u>Motion</u>, Exhibit A, <u>Subpoena, attached Rider to Subpoena Duces Tecum</u>, at 3-4. Peters has now moved to quash the Subpoena. The Plaintiffs oppose the Motion.

ANALYSIS

Peters asks the Court to quash the Subpoena because the information sought is privileged and the Subpoena would subject Peters to an undue burden. This Court must quash or modify a subpoena if the subpoena requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to an undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iii) and (iv). Peters has the burden to show that the subpoena should be quashed. <u>Pacific Century Intern., Ltd. V. Does 1-37</u>, 282 F.R.D. 189, 193 (N.D. Ill. 2012).

Peters asserts that the information sought by the Subpoena is privileged under the Illinois extension of the attorney-client privilege to certain communications between an insurer and the insured. This Court applies Illinois privilege rules in this diversity action in which Illinois law provides the rule of decision. Fed. R. Evid. 501. Illinois provides that the

attorney-client privilege may extend to confidential communications between an insured and its insurer made for the dominant purpose of transmitting the communication to an attorney for the protection of the interests of the insured.  See Holland v. Schwan's Home Serv. Inc., 2013 IL App (5th) 110560 ¶¶ 194-96, 992 N.E.2d 43, 84-85 (Ill. App. 5th Dist. 2013). Peters makes no showing that the documents sought by the Subpoena concern confidential communications of information to be transmitted to an attorney.  The insurance policies, as well as certificates of insurance, clearly are not confidential communications covered by this privilege. Peters fails to meet his burden to show that the Subpoena should be quashed for seeking privileged or other protected matter under Rule 45(d)(3)(A)(iii).

Peters argues that the Subpoena would impose an undue burden on Peters because the Subpoena is merely a fishing expedition and does not seek relevant information.  To establish an undue burden, Peters must show that the burden caused by producing the responsive documents will exceed the benefit from the production of that information.  Northwestern Memorial Hosp. v. Ashcroft, 362 F.3d 923, 927 (7th Cir. 2004).

Peters fails to demonstrate that the Subpoena imposes an undue burden.  The Subpoena seeks relevant information and is not a fishing

expedition.  The Plaintiffs bring this action to secure a declaration of their obligations, if any, to defend Wilson in the Arbitration and to cover Wilson's losses due to any finding of liability in the Arbitration.  Peters agreed in the Subcontract to purchase insurance to cover its work on the Project and to make Wilson an additional insured on those insurance policies with respect to the Project.  Peters agreed that such insurance would be primary and non-contributory.  Such insurance could be required to pay for some or all of Wilson's defense as an additional insured for Wilson and to cover some or all of any losses.  The existence of other insurance coverage is relevant to deciding the Plaintiffs' duty both to defend Wilson in the Arbitration and to cover losses should Wilson be found liable.  The Subpoena seeks documents to establish the existence of the insurance for Wilson that Peters agreed to provide in the Subcontract.  The Subpoena seeks relevant information.

Peters argues that the Subpoena imposes an undue burden because the Plaintiffs should get the relevant information of other insurance coverage from Defendant Wilson.   Wilson already provided all the information that it had about Peters' insurance policies.  See Response, at 2, 7.  To date, the Plaintiffs have only learned of an Owner's Insurance policy covering January 1, 2010-11 and a Federated policy covering

January 1, 2013-14.  <u>Response</u>, at 2.  The Plaintiffs cannot get the rest of the insurance information from Wilson.

Peters also argues that the time frame in the Subpoena is too broad.  The Subpoena asks for policy information from August 1, 2011 to July 10, 2018.  The Court finds that the time frame is reasonable.  The Complaint alleges that the Project was completed in August 2011, and that The Salvation Army discovered defects in the Project as late as 2018.  The Subpoena seeks insurance policy information for this entire period.  Some insurance policies may cover claims based on the dates that the work was performed, but other policies may cover claims based on the date that claims were made.  The Subpoena reasonably seeks policy information for this entire period to discover insurance policies that may cover the claims at issue in the Arbitration.  The time frame is not overbroad.  Peters fails to meet its burden to show that the Subpoena should be quashed for imposing an undue burden under Rule 45(d)(3)(A)(iv).  Peters must comply with the Subpoena.

The Court notes that the Plaintiffs ask the Court to rule that Peters waived all claims of privilege.  The matter is not presented by the Motion, has not been fully briefed, and the Court will not rule on the issue at this time.  Should Peters assert claims of privilege for specific documents, the

Plaintiffs may renew their claim of waiver and put the matter properly at issue before the Court. Should Peters assert claims of privilege for certain documents, it must provide a privilege log that meets the requirements of Rule 26(b)(5)((A) and 45(e)(2)(A).

THEREFORE, IT IS ORDERED that Peters Heating and Air Conditioning's (Peters) Motion to Quash Subpoena (d/e 6) is DENIED. Peters Heating and Air Conditioning is ordered to comply with the Subpoena by June 30, 2020.

ENTER: June 12, 2020

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE